# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR386** |
| Plaintiff, | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| **MOISES HERNANDEZ-JIMINEZ,** | ) | |
| Defendant. | ) | |

The Court has received the Revised Modified Presentence Investigation Report ("PSR") and the Defendant's objections thereto and motion for deviation or variance (Filing No. 39) and supporting brief (Filing No. 40). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

***Objection***

The Defendant objects to the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) in ¶ 14. The enhancement is applied in light of a prior conviction for sexual assault of a child described in ¶ 22. Section 2L1.2(b)(1)(A) applies the 16-level enhancement for, among other things, a "crime of violence." The relevant application note defines "'[c]rime of violence'" as follows:

> "Crime of violence" means any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 Application Note 1(B)(iii).

The Defendant's argument that the prior conviction cannot be considered a crime of violence because it did not involve violence, physical injury, or threats has been considered by the Eighth Circuit Court of Appeals and rejected. *United States v. Alas-Castro,* 184 F.3d 812, 813-14 (8th Cir. 1999) (concluding that a Nebraska conviction for sexual assault of a child was a crime of violence, reasoning that given the ages of the perpetrator and the victim there is a substantial risk that physical force may be used to commit the crime). The Defendant argues that *Alas-Castro* is distinguishable because his prior offense involved only contact without any physical injury or threats. However, in deciding *Alas-Castro* the Eighth Circuit specifically addressed this issue, noting that physical force need not occur during the commission of the offense; rather, the substantial risk of an occurrence was sufficient to classify the offense as a crime of violence. *Id.* Therefore, the objection is denied.

***Motion for Deviation or Variance***

The Defendant's motion for deviation or variance will be heard at sentencing.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 39) are denied;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion

challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final;

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing; and

6. The Defendant's motion for deviation or variance (Filing No. 39) will be heard at sentencing.

Dated this 6th day of April, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge